# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                                    NEWS RELEASE #021

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **1st day of May, 2018**, are as follows:

**PER CURIAM**:

2017-B-2045        IN RE: DEBRA L. CASSIBRY

Upon review of the findings and recommendations of the hearing committees and disciplinary board, and considering the record and the brief filed by the ODC, it is ordered that Debra L. Cassibry, Louisiana Bar Roll number 17029, be and she hereby is disbarred. Her name shall be stricken from the roll of attorneys and her license to practice law in the State of Louisiana shall be revoked. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.

CRICHTON, J., dissents and assigns reasons.

SUPREME COURT OF LOUISIANA

NO. 2017-B-2045

IN RE: DEBRA L. CASSIBRY

ATTORNEY DISCIPLINARY PROCEEDING

PER CURIAM

This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Debra L. Cassibry, an attorney licensed to practice law in Louisiana, but currently suspended from practice.

**PRIOR DISCIPLINARY HISTORY**

Before we address the current charges, we find it helpful to review respondent's prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 1985. In March 2011, respondent pleaded guilty to driving while intoxicated ("DWI"). She subsequently failed to cooperate with the ODC in its related investigation. Accordingly, we placed her on interim suspension for threat of harm to the public. *In re: Cassibry*, 12-0931 (La. 5/2/12), 88 So. 3d 442. In November 2013, we suspended respondent from the practice of law for one year and one day, retroactive to the date of her interim suspension, for the above misconduct. *In re: Cassibry*, 13-1923 (La. 11/1/13), 131 So. 3d 22 ("*Cassibry I*"). Respondent has not yet applied for reinstatement to the practice of law from her suspension in *Cassibry I* and, thus, remains suspended from the practice of law.

Against this backdrop, we now turn to a consideration of the misconduct at issue in the present proceeding.

**UNDERLYING FACTS AND PROCEDURAL HISTORY**

The ODC filed two sets of formal charges against respondent under disciplinary board docket numbers 14-DB-040 and 16-DB-071. Respondent failed to answer either set of formal charges, and the factual allegations contained therein were deemed admitted. The matters were considered by separate hearing committees before being consolidated by order of the disciplinary board. The board then filed in this court a single recommendation of discipline encompassing both sets of formal charges.

14-DB-040

*The Mississippi Arrest Matter*

In January 2012, while driving in Mississippi, respondent struck another vehicle and attempted to leave the scene of the accident. The other driver physically prevented respondent from leaving, and when the investigating police officer arrived, he observed respondent swaying in all directions while trying to stand still and slurring her speech. The officer also described her eyes as "pin point." Respondent advised the officer that she had taken a Percocet earlier that morning, and a blood sample was obtained pursuant to a warrant.

Respondent was then arrested for driving under the influence, driving under suspension, and driving without insurance. In May 2013, respondent pleaded no contest to the charges. She was put on probation with the condition that she pay certain fines and costs. She failed to pay the fines and costs, and a warrant for her arrest was issued on July 9, 2013. Respondent is currently a fugitive from justice in Mississippi.

The ODC alleged respondent's conduct violated the following provisions of the Rules of Professional Conduct: Rules 3.3 (candor toward the tribunal), 8.4(a)

(violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice).

### The Louisiana Arrest Matter

In January 2013, respondent was driving on I-10 West in Slidell when she was pulled over by the police on suspicion of impairment. The police officer suspected respondent had been using drugs and requested that she provide a urine sample for analysis, which she refused.

Respondent was arrested on charges of DWI 2nd offense, improper lane usage, driving under suspension, and no seat belt. Her arraignment was scheduled for March 6, 2013, but she failed to appear. She also failed to appear for the bond forfeiture hearing on May 8, 2013; as a result, her bond was forfeited.

On August 22, 2013, a bail bondsman delivered respondent to the custody of the Slidell Police Department. She was subsequently arraigned on August 27, 2013. She pleaded not guilty to all charges, and her bond was reinstated.

Respondent's trial was set for April 2, 2014, but she again failed to appear. Consequently, she was charged with the additional offense of failure to appear 2nd offense, and a warrant was issued for her arrest. The warrant remains outstanding, and respondent is evading prosecution in this matter.

The ODC alleged respondent's conduct violated the following provisions of the Rules of Professional Conduct: Rules 3.3, 8.4(a), 8.4(b), 8.4(c), and 8.4(d).

### The Forgery Matter

In January 2014, respondent contacted her attorney, Stephen Richard, and asked him to file a motion requesting the Slidell City Court to refund monies she recently paid towards her fees and court costs related to her first DWI case, which was the subject of *Cassibry I*. When Mr. Richard refused, respondent prepared the motion herself and forged Mr. Richard's signature on it. Respondent subsequently failed to cooperate with the ODC's investigation of this matter.

The ODC alleged respondent's conduct violated the following provisions of the Rules of Professional Conduct: Rules 3.3, 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a), 8.4(b), and 8.4(c).

As previously noted, respondent failed to answer the formal charges in 14-DB-040. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee's consideration.

*Hearing Committee Report*

After considering the ODC's deemed admitted submission, the hearing committee accepted the deemed admitted factual allegations as true. Based on these facts, the committee determined respondent violated the Rules of Professional Conduct as charged.

The committee then determined that the baseline sanction is disbarment, based on the ABA's *Standards for Imposing Lawyer Sanctions*. In aggravation, the committee found a prior disciplinary record, a dishonest or selfish motive, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, and refusal to acknowledge the wrongful

4

nature of the conduct. The committee did not note the presence of any mitigating factors.

Under these circumstances, the committee recommended respondent be disbarred. The committee further recommended that respondent be required to successfully complete a substance abuse counseling program as a condition of readmission.

Neither respondent nor the ODC filed an objection to the hearing committee's report.

<u>16-DB-071</u>

*The Jefferson Parish Criminal Matter*

In September 2014, respondent was staying at the Extended Stay America Hotel in Metairie, Louisiana. Several times during her stay, the hotel's staff requested that respondent refrain from smoking in her non-smoking room. When she failed to stop smoking in the room, the hotel's staff asked her to leave. She failed to leave, and she was arrested on charges of entry/remaining after forbidden. The charges were later amended to a loud noise charge, and on September 17, 2015, respondent pleaded guilty to the amended charges.

The ODC sent notice of the related disciplinary complaint to respondent at her primary bar registration address via certified mail, but the notice was returned undelivered. Thereafter, the ODC made several attempts to personally serve respondent with notice of the complaint at all of her known addresses.

The ODC alleged respondent's conduct violated the following provisions of the Rules of Professional Conduct: Rules 8.1(c), 8.4(a), and 8.4(b).

*The Outstanding Warrants Arrest Matter*

In November 2014, respondent was arrested by the Slidell Police Department on two outstanding warrants. While incarcerated, respondent became combative with the corrections officers and suffered injuries. Respondent requested to be taken to the hospital, and after arriving at the hospital, she tried several times to leave her bed, ignoring the corrections officer's commands to stay in the bed. When the corrections officer attempted to handcuff respondent to the bed, she attempted to bite his forearm. Respondent was charged with simple assault and pleaded guilty to the charge on December 8, 2015.

The ODC sent notice of the related disciplinary complaint to respondent at her primary bar registration address via certified mail, but the notice was returned undelivered. Thereafter, the ODC made several attempts to personally serve respondent with notice of the complaint at all of her known addresses.

The ODC alleged respondent's conduct violated the following provisions of the Rules of Professional Conduct: Rules 8.1(c), 8.4(a), and 8.4(b).

As previously noted, respondent failed to answer the formal charges in 16-DB-071. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee's consideration.

*Hearing Committee Report*

After considering the ODC's deemed admitted submission, the hearing committee acknowledged that the factual allegations of the formal charges were deemed admitted and made the following factual findings:

> This committee finds that the Respondent was in fact arrested on no less than two occasions. The Respondent's arrests and conduct reflects [sic] adversely on her fitness to practice law. She has failed to cooperate with the ODC in any manner whatsoever, and has committed a criminal act that reflects adversely on her honesty, trustworthiness or fitness as a lawyer.

Based on these facts, the committee determined respondent violated the Rules of Professional Conduct as charged.

The committee then determined that respondent knowingly and intentionally violated duties owed to the legal profession, which caused actual harm to the profession. After considering the ABA's *Standards for Imposing Lawyer Sanctions*, the committee determined the baseline sanction is disbarment.

In aggravation, the committee noted respondent's disregard for her obligation to participate in these disciplinary proceedings. The committee also noted that respondent's non-participation prevented her from producing evidence of any mitigating factors.

Under these circumstances, the committee recommended respondent be permanently disbarred.

Neither respondent nor the ODC filed an objection to the hearing committee's report.

<u>14-DB-040 and 16-DB-071</u>

*Disciplinary Board Recommendation*

After reviewing these consolidated matters, the disciplinary board determined that the factual allegations in the formal charges have been deemed admitted and proven. The board further determined that the hearing committees' factual findings are supported by the deemed admitted factual allegations and/or by the evidence submitted in support of those allegations. Based on these facts, the board determined that both committees correctly applied the Rules of Professional Conduct, except

7

that with respect to the Mississippi arrest matter and the Louisiana arrest matter in 14-DB-040, the board determined that respondent did not violate Rule 3.3 because neither the factual allegations nor the evidence submitted by the ODC support such a violation.

The board then determined that respondent intentionally violated duties owed to the public and the legal profession, with her conduct causing actual and potential harm. After considering the ABA's *Standards for Imposing Lawyer Sanctions*, the board determined that the baseline sanction is disbarment.

In aggravation, the board found a prior disciplinary record, a dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency, substantial experience in the practice of law (admitted 1985), and illegal conduct. The board found that the record does not support any mitigating factors.

The board then considered respondent's conduct in light of the permanent disbarment guidelines set forth in Supreme Court Rule XIX, Appendix E. Specifically, the board noted that respondent's conduct falls within the scope of Guideline 9 (instances of serious attorney misconduct or conviction of a serious crime, when the misconduct or conviction is preceded by suspension or disbarment for prior instances of serious attorney misconduct or conviction of a serious crime). Nevertheless, the board declined to recommend permanent disbarment because, although the record contains no evidence of such, it appears that respondent's conduct was caused by significant personal issues (possible alcohol and drug abuse and possible mental or emotional problems).

Under these circumstances, the board recommended that respondent be disbarred. The board also indicated its hope that respondent will seek the services

of the Judges and Lawyers Assistance Program. One board member dissented and would recommend permanent disbarment.

The ODC filed an objection to the disciplinary board's recommendation. Pursuant to Supreme Court Rule XIX, § 11(G)(1)(b), the case was scheduled on our docket; however, respondent failed to file a brief and therefore waived her right to oral argument. Thereafter, the ODC filed a motion waiving its right to oral argument. We granted the ODC's motion and now consider the case based upon the record and the brief filed by the ODC.

**DISCUSSION**

Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. *In re: Banks*, 09-1212 (La. 10/2/09), 18 So. 3d 57.

In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. *In re: Donnan*, 01-3058 (La. 1/10/03), 838 So. 2d 715.

The evidence in the record of this deemed admitted matter supports a finding that respondent was arrested for DWI in Louisiana and then failed to appear for the

9

related trial, pleaded no contest to driving under the influence in Mississippi and then failed to pay the associated fines and court costs, forged her criminal attorney's signature on a motion and filed the motion with the court, pleaded guilty to a loud noise charge after being arrested for failing to leave a hotel upon multiple requests to do so by the hotel's staff, pleaded guilty to simple assault after attempting to bite a corrections officer, and failed to cooperate with the ODC in its investigations. Based on these facts, respondent violated the Rules of Professional Conduct as found by the disciplinary board.

Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent's actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. *Louisiana State Bar Ass'n v. Reis*, 513 So. 2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. *Louisiana State Bar Ass'n v. Whittington*, 459 So. 2d 520 (La. 1984).

The record also supports a finding that respondent knowingly and intentionally violated duties owed to the public, the legal system, and the legal profession, causing actual and potential harm. The baseline sanction for this type of misconduct is disbarment.

We agree with the aggravating factors found by the board. However, regarding mitigating factors, we disagree that none are present. At the very least, respondent's multiple DWI offenses suggest the possibility of a substance abuse problem, and the police reports included in the record of this matter reflect conduct which suggests respondent may be suffering from mental health issues (*e.g.,* banging her head against the cage of the police car and attempting to bite a corrections officer

who was trying to handcuff her). Since respondent allowed the formal charges to be deemed admitted, we have no way of knowing whether she has since sought treatment for these problems. Under these circumstances, we are reluctant to permanently prohibit respondent from seeking readmission to the practice of law.

Accordingly, we will accept the board's recommendation and disbar respondent. Should respondent decide to seek readmission in the future, she will be required to show by clear and convincing evidence that she has complied with each subsection of Supreme Court Rule XIX, § 24 before she will be allowed to return to the practice of law. In any event, and regardless of respondent's future intention to resume the practice of law, we strongly encourage her to avail herself of the resources of the Judges and Lawyers Assistance Program so that she can enjoy a healthy and productive life.

**DECREE**

Upon review of the findings and recommendations of the hearing committees and disciplinary board, and considering the record and the brief filed by the ODC, it is ordered that Debra L. Cassibry, Louisiana Bar Roll number 17029, be and she hereby is disbarred. Her name shall be stricken from the roll of attorneys and her license to practice law in the State of Louisiana shall be revoked. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.

11

05/01/18

# SUPREME COURT OF LOUISIANA

# NO. 2017-B-2045

# IN RE: DEBRA L. CASSIBRY

# ATTORNEY DISCIPLINARY PROCEEDING

**CRICHTON, J., dissents and assigns reasons:**

I disagree with my colleagues in this matter, and would impose permanent disbarment. The Court's opinion thoroughly establishes that respondent is no stranger to the disciplinary process, as she is currently suspended from the practice of law in Louisiana for driving while intoxicated in 2011. *In re: Cassibry*, 13-1923 (La. 11/1/13) 131 So.3d 22. Since her arrest in 2011, not only has respondent been apprehended again for driving under the influence, remaining after forbidden at a hotel, and assaulting a police officer, she remains a fugitive from the law in both Louisiana and Mississippi as related to many of those charges. Moreover, despite being suspended, she engaged in the unauthorized practice of law by forging an attorney's signature on a motion in a legal proceeding (in which she sought to relieve herself of costs associated to her criminal charges). Respondent has also never addressed any of the serious formal charges against her and has failed to appear on each occasion offered to her. In my view, respondent's blatant disregard for the law, her abhorrent disrespect for the lawyer disciplinary process, and her consistent display of willful disobedience places her directly in the guidelines for permanent disbarment found in Supreme Court Rule XIX, Appendix E. This Court reserves such severe punishment for "instances of serious attorney misconduct or conviction of a serious crime, when the misconduct or conviction is preceded by suspension or disbarment for prior instances of serious attorney misconduct or conviction of a serious crime." I find this case fits squarely therein.

1

While I am ever sensitive to substance abuse and mental health issues in the attorney disciplinary process, because of respondent's failure to participate in her own defense, the record here is devoid of even a scintilla of mitigation evidence. By reading potential mitigating factors into the record, the Court is whittling away at the significance of those respondents who come before us with true substance abuse and mental health issues and who display a sincere desire (and corresponding efforts) for rehabilitation. For this reason, I would permanently disbar respondent and forever disallow her from seeking readmission to the practice of law in Louisiana.